IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR139 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| WILLIAM ANDREWS, JR. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on remand from the Eighth Circuit Court of Appeals. Filing No. 76; *United States v. Andrews,* 454 F.3d 919, 922 (8th Cir. 2006). The court has been asked to clarify its findings on defendant's motion to suppress. *Id.* The Appeals Court cannot discern whether this court "concluded that Deputy Brown's conflicting testimony about the distance between Mr. Andrews's car and the tractor-semitrailer left the court without a firm belief as to which distance was correct," in which case it "should have denied Mr. Andrews's motion to suppress," because "either distance would have given a reasonable officer grounds to stop Mr. Andrews," or whether the court rejected "all of Deputy Brown's testimony as to the distance between the two vehicles," in which case, "[t]he lack of [any basis for believing the law had been violated] would mean that the government had failed in its burden to prove that Deputy Brown had probable cause to stop Mr. Andrews's car, and the court would be obliged to grant Mr. Andrews's motion to suppress." *Id.* at 921-22.

This court found that Deputy Brown's testimony that he had stopped the vehicle because it was following too closely was not credible. Deputy Brown testified at one point that the vehicles were 30 feet apart and at another point, he acceded that, under

application of the "two-second" rule, the vehicles would have been 168 feet apart. *See* Filing No. 52, Memorandum and Order at 3; Filing No. 34, Suppression Hearing Transcript ("Hr'g Tr.") at 23-24. He testified that 30 feet, or two car lengths, would be an unsafe following distance. Hr'g Tr. at 24. The evidence showed there was no basis for Deputy Brown's purported reliance on the "two-second rule" to supply probable cause for the stop. Memorandum and Order at 9-10. Deputy Brown testified that he observed Andrews's car "fastly approaching" the tractor-semi-trailer, but did not testify to his own speed or to the speed of Andrews's vehicle. *Id.* at 3; Hr'g Tr. at 8. Moreover, Deputy Brown observed Andrews's following distance while Andrews was passing the tractor-semitrailer. Filing No. 41, R&R at 3; Hr'g Tr. at 25; Hearing Exhibit ("Hr'g Ex.") 1, Videotape at 23:25.

The court's conclusion that Deputy Brown's purported reliance on a determination that Andrews was "following too closely" was disingenuous is bolstered by other evidence.[1] Deputy Brown himself admitted that he desired further conversation with the defendant because of what he perceived was suspicious conduct at the gas station. Filing No. 52, Memorandum and Order at 3; Hr'g Tr. at 27, 36-37. The court found Deputy Brown had no basis for suspicion based on Andrews's conduct (failure to make eye contact) at the gas station. Memorandum and Order at 10, 13. Deputy Brown contacted another officer concerning Andrews, signaling his intent to stop the vehicle, even before he followed Andrews onto the Interstate highway and observed Andrews's driving. *Id.* at 3; Hr'g Tr. at

---

[1]The court's findings are made in the context of the court's familiarity with other cases in this district that have involved State Patrol troopers or county sheriffs relying on "following too closely" under the "two-second rule" as probable cause to stop minority defendants. *See, e.g., United States v. Kilkenny,* No. 8:05-CR-102, Filing No. 24, Suppression Hearing Transcript ("Hr'g Tr.") at 6 (D. Neb. Aug. 31, 2005); Filing No. 29, Memorandum and Order at 4 n.3 (D. Neb. Oct. 27, 2005) (involving Deputy Maddux); *United States v. Macedo,* No. 8:06-CR-85, Filing No. 18, Hr'g Tr. at 4-5 (D. Neb. June 9, 2006); *United States v. Gastellum,* No. 05-CR-170, Filing No. 27, Hr'g Tr. at 4-6 (D. Neb. Aug. 22, 2005).

6-7, 36-37.  That other officer, Deputy Maddux, provided backup to Deputy Brown in effecting Andrews's arrest shortly thereafter.  Memorandum and Order at 3 n.1.  In the context of the evidence, the court was unable to afford credence to Deputy Brown's testimony that Andrews's following distance, calculated with reference to the "two-second rule," was the reason that Deputy Brown stopped Andrews.  Accordingly, the government did not satisfy its burden to prove that there was probable cause for the traffic stop.

IT IS ORDERED:

1.      These findings are certified to the Eighth Circuit Court of Appeals;

2.      The Clerk of Court shall transmit this order to the Clerk of the Court of Appeals for the Eighth Circuit.

DATED this 31st day of August, 2006.

BY THE COURT:


s/ Joseph F. Bataillon
Chief U.S. District Court Judge

\